IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| UNDERWRITERS AT LLOYDS LONDON, | § § § | |
| Defendant Below, Appellant, | § § § | |
| v. | § § | No. 398, 2020 |
| LEGION PARTNERS ASSET MANAGEMENT, LLC, a Delaware Limited Liability Company, | § § § § § | Court Below–Superior Court of the State of Delaware C.A. No. N19C-08-305 |
| Plaintiff Below, Appellee. | § § § | |

Submitted: November 25, 2020
Decided: December 2, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and their exhibits, it appears to the Court that:

(1)     In May 2018, Justin P. Albert, a former employee of Legion Partners Asset Management, LLC ("Legion"), filed an action in the Los Angeles Superior Court (the "LASC Action") against Legion and two of its principal directors, managers, and officers, Raymond T. White and Christopher S. Kiper. Albert alleged that White and Kiper had breached their fiduciary duties and violated federal law by leaking confidential information to a news outlet. Albert also asserted claims against

Legion for retaliation and wrongful termination. On the same day that Albert initiated the LASC Action, Legion filed a demand for arbitration with the American Arbitration Association, asserting that Albert had violated the terms of his employment with Legion by interfering with Legion's business partnerships and revealing confidential information to third parties.[1] On July 27, 2018, the LASC Action was stayed to allow arbitration to proceed on the employment-related claims.

(2) On August 22, 2018, Albert filed a counterclaim in the arbitration proceedings (the "Counterclaim") against Legion for wrongful termination and violation of California's whistleblower statute. Although White and Kiper were not named as defendants in the Counterclaim, the Counterclaim relied on the same alleged wrongful acts that formed the basis of the LASC Action. Before arbitration concluded, Legion notified its insurance carrier, Underwriters at Lloyds London ("Underwriters"), that it sought coverage under its directors' and officers' liability policy ("the Policy") for the costs incurred in defending the Counterclaim. Underwriters denied Legion coverage because White and Kiper were not parties to the Counterclaim. Legion then initiated this action in the Superior Court seeking a judicial declaration that Underwriters had a duty to defend the Counterclaim.

---

[1] Legion asserted that Albert had violated Legion's Employment Agreement as well as its Confidentiality and Intellectual Property Agreement. Both agreements contained arbitration clauses requiring the arbitration of disputes arising from Albert's employment.

(3) On September 25, 2020, the Superior Court granted Legion's motion for partial summary judgment, holding that the allegations made in the Counterclaim triggered Underwriters' duty to advance defense costs under the express language of the Policy (the "Opinion").[2] Specifically, the Superior Court found that Underwriters had a duty to advance defense costs because Legion had incurred defense costs (a "loss" as defined by the Policy) arising from the Counterclaim (a "claim" as defined by the Policy), which was based on Legion's errors, neglect, acts, or omissions, through White and Kiper, arising from White and Kiper's alleged act of leaking confidential information (a "wrongful act" as defined by the Policy). The Superior Court directed the parties to allocate the defense costs between covered and uncovered claims as contemplated by the Policy. Underwriters filed a motion to reargue, which the Superior Court denied on October 29, 2020 (the "Order").[3]

(4) On November 6, 2020, Underwriters asked the Superior Court to certify an interlocutory appeal from the Opinion and the Order (collectively, the "Decisions") under Supreme Court Rule 42. Underwriters maintained that the Decisions decided a substantial issue of material importance,[4] namely the scope of insurance coverage provided by the Policy. Underwriters also argued that the

---

[2] *Legion Partners Asset Mgmt., LLC v. Underwriters at Lloyds London*, 2020 WL 5757341 (Del. Super. Ct. Sept. 25, 2020).
[3] *Legion Partners Asset Mgmt., LLC v. Underwriters at Lloyds London*, 2020 WL 6338359 (Del. Super. Ct. Oct. 29, 2020).
[4] Del. Supr. Ct. R. 42(b)(i).

following Rule 42(b)(iii) factors weighed in favor of granting interlocutory review: the Decisions decided issues of first impression in Delaware;[5] considerations of justice warrant interlocutory review;[6] and interlocutory review may terminate the litigation.[7] Legion opposed the application.

(5) On November 23, 2020, the Superior Court denied Underwriters' application for certification of an interlocutory appeal.[8] Although the Superior Court did not dispute Underwriters' assertion that the Decisions involved a substantial issue of material importance, it concluded that the Rule 42(b)(iii) factors did not weigh in favor of certification of an interlocutory appeal. The Superior Court found—rightly, in our view—that it had not decided issues of first impression but had merely applied the unambiguous language of the Policy to the pleadings in the underlying litigation. The Superior Court also (i) rejected Underwriters' argument that interlocutory review would serve considerations of justice, and (ii) observed that the most efficient way to resolve this case is for the parties to determine the allocation of defense costs—the only remaining issue pending in the Superior Court—after which a direct appeal may be taken. We agree with the Superior Court's conclusion.

---

[5] Del. Supr. Ct. R. 42(b)(iii)(A).
[6] Del. Supr. Ct. R. 42(b)(iii)(H).
[7] Del. Supr. Ct. R. 42(b)(iii)(G).
[8] *Legion Partners Asset Mgmt., LLC v. Underwriters at Lloyds London*, 2020 WL 6875211 (Del. Super. Ct. Nov. 23, 2020).

4

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[9] Giving due weight to the Superior Court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[11]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[9] Del. Supr. Ct. R. 42(d)(v).
[10] Del. Supr. Ct. R. 42(b)(ii).
[11] Del. Supr. Ct. R. 42(b)(iii).